UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| METRO. PROP. & CASUALTY INS. CO.,<br>Plaintiff, | | No. 3:10cv356 (SRU) |
| v. | | |
| MURRAY,<br>Defendant. | | |

RULING ON MOTION FOR SUMMARY JUDGMENT

This case arises from an automobile accident that occurred while the defendant, Paul

Murray, was driving a van rented by a third party, Roberta Hemphill. Several state suits are

pending against Murray, and he has sought defense and indemnity coverage from the plaintiff,

Metropolitan Property and Casualty Insurance Company ("Metropolitan"), Hemphill's insurer.

In response, Metropolitan brought this action seeking a declaratory judgment that it has no duty

to defend Murray. Metropolitan has now moved for summary judgment. Doc. 14. For the

reasons that follow, Metropolitan's motion for summary judgment is **GRANTED**.

I.      **Background**

   A.   The Accident

      In May 2007, Hemphill rented a van. Pl.'s Mot. for Summ. J., Ex. 1 at ¶ 3, Ex. 2. On the

rental agreement, Hemphill is listed as the driver, and her insurance company is listed as

"Metropolitan." Pl.'s Mot. for Summ. J., Ex. 2. Murray is listed as an additional driver, and his

insurance company is listed as "Geico." *Id.*

      On May 20, 2007, Murray was operating the van when it was involved in a one-car

collision. Pl.'s Mot. for Summ. J., Ex. 1 at ¶ 7. As a result of the accident, Murray was named

as a defendant in several lawsuits in state court.

B.  <u>The Metropolitan Insurance Policy</u>

Hemphill has an automobile insurance policy with Metropolitan.  *Id*. at ¶ 3.  That policy covers three categories of vehicles:  (1) covered automobiles, (2) non-owned automobiles, and (3) substitute automobiles.  Compl., Ex. A at 2.

"Substitute automobiles" are defined as "a motor vehicle not owned by you or any resident of the same household and which is used with the owner's permission to replace for a short time a covered automobile.  The covered automobile has to be out of use for servicing or repair or because of breakdown, loss or destruction."  *Id*. at 3 (emphases omitted).  Hemphill states that she did not rent the van because another automobile insured by Metropolitan was out of use for servicing or repair or because of breakdown, loss, or destruction.  Pl.'s Mot. for Summ. J., Ex. 1 at ¶ 10.

"Covered automobiles" are defined as

(1) "any motor vehicle described in the Declarations,"

(2) "an automobile newly acquired by you, if: a. it replaces a vehicle described in the Declarations; or b. it is an additional automobile, but only if:
       i. we insure all other automobiles owned by you on the date of acquisition;
       ii. you notify us within 30 days of acquisition of your election to make this and no other policy issued by us applicable to the automobile; and
       iii. you pay any additional premium required by us;" or

(3) "a substitute automobile."

Compl., Ex. A at 2, Endorsement CT702 (emphases omitted).

A "non-owned vehicle" is described as (1) "an automobile which is not owned by, furnished to, or made available for regular use to you or any resident in your household," and (2) "a commercially rented automobile, or truck which has a Gross Vehicle Weight Rating of under

26,000 lbs., used by you or a relative on a temporary basis." Compl., Ex. A at 3, Endorsement CT702 (emphases omitted).

With respect to a non-owned automobile, an "insured" is described as "you or any relative. The operation or use of such vehicle must have been with the permission of, or reasonably believed to have been with the permission of, the owner. The operation or use must also have been within the scope of the permission given." Compl., Ex. A at 2. Murray is not related to Hemphill, and did not reside with her at or about the time of the accident. Pl.'s Mot. for Summ. J., Ex. 1 at ¶ 8.

The Metropolitan contract states that

We will pay damages for bodily injury and property damage to others for which the law holds an insured responsible because of an accident which results from the ownership, maintenance or use of a covered automobile, a non-owned automobile or a trailer while being used with a covered automobile or non-owned automobile. We will defend the insured, at our expense with attorneys of our choice, against any suit or claim seeking these damages. We may investigate, negotiate or settle any such suit or claim.

Compl., Ex. A at 3 (emphases omitted).

On March 9, 2010, Metropolitan filed suit in federal court, seeking a declaratory judgment that it has no duty to defend or indemnify Murray in the lawsuits filed against him in state court.[1]

## II.    Standard of Review

Summary judgment is appropriate when the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] Federal jurisdiction in this case is based on diversity of citizenship. If defending the underlying litigation could cost the insurer more than $75,000, as Metropolitan alleges, that satisfies the amount in controversy requirement. *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (internal quotations omitted).

Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see also Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir. 1992) (court is required to "resolve all ambiguities and draw all inferences in favor of the nonmoving party"). When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but must present sufficient probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

"Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991); *see also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir. 1992). If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

> The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

4

*Id.* at 247-48.  To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party."  *Id.* at 248.

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate.  *Celotex*, 477 U.S. at 322.  In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.* at 322-23; *accord Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (movant's burden satisfied if he can point to an absence of evidence to support an essential element of nonmoving party's claim).  In short, if there is no genuine issue of material fact, summary judgment may enter.  *Celotex*, 477 U.S. at 323.

### III.  Discussion

Under Connecticut law, the rules of contract construction govern the interpretation of an insurance policy.  *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 232 (2d Cir. 1990).  When the terms of an insurance policy are clear and unambiguous, they must be accorded their ordinary meaning.  *Id.* at 121.  Connecticut law also requires that, "when the words of an insurance contract are, without violence, susceptible of two equally responsible interpretations," the court should construe the words to provide coverage for the loss.  *Heyman Assocs. No. 1 v. Ins. Co. of the Pa.*, 231 Conn. 756, 769-70 (1995).  Finally, an insurer has a duty to defend a claim against its insured, unless it can establish "as a matter of law, that there is no possible factual or legal basis on which [the insurer] might eventually be obligated to indemnify [the] insured under any policy provision."  *R.T. Vanderbilt Co. v. Cont'l Cas. Co.*, 273 Conn. 448, 473 n.28 (2005).

There are two ways Murray might be covered by the Metropolitan policy: (1) if he himself were an insured under the policy, or (2) if he was driving an insured car.  Murray argues that he is covered under the latter theory, not the former.

As noted above, three types of vehicles are covered by the Metropolitan policy:  (1) substitute automobiles, (2) covered automobiles, and (3) non-owned vehicles.  The rental van was not a substitute automobile, because it was not being used to replace a covered automobile. The rental van also was not a covered automobile, because it was not listed in the declaration, was not a substitute automobile, and there has been no evidence presented that it was an additional vehicle for which Hemphill planned to pay an additional premium.  At best, then, the rental van was a non-owned vehicle.  Non-owned vehicles, however, are only covered under the Metropolitan policy if they are driven by an insured or an insured's relative.  Murray is neither.[2]

At oral argument, Murray argued that the rental van was a covered vehicle, because it could be considered an owned vehicle.  Even assuming that the rental van could be considered an owned vehicle, this argument must fail, because none of the definitions in the Metropolitan policy turn on whether a vehicle was an owned vehicle.  Although the Metropolitan policy formerly defined a "covered automobile" as "an automobile owned by you or hired under a written contract for one year or more, which is described in the declarations, and for which a specified premium is charged," that definition has since been superseded by Endorsement

---

[2] Although Murray does not pursue this theory, an argument could be made that under Connecticut Insurance Regulations, an individual is covered to the same extent as an insured if the individual was driving an automobile with the insured's permission.  *See* Conn. Agencies Regs. § 38a-334-5(d) (2011) ("The insurance afforded shall apply for the benefit of the named insured and any other person or organization using the motor vehicle within the scope of his permission from the insured.").  I, however, read this regulation as applying only to covered vehicles, which the rental van was not.

CT702.  Furthermore, even if it had not been superseded, the rental van would not qualify as a covered automobile, because it was not described in the declarations.

The bulk of Murray's argument appears to be that the court should abstain from deciding the case at this time, because a decision in this case could affect pending state litigation.  It is within a federal court's discretion to stay a declaratory action in favor of parallel state litigation. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).  Because this case involves only coverage, and not liability, a decision in this case will have no effect on pending state litigation.  Therefore, I decline to abstain from deciding this case.

## IV.  Conclusion

For the reasons stated above, the plaintiff's motion for summary judgment (doc. 14) is **GRANTED**.  The Clerks' Office is directed to enter judgment in favor of the plaintiff and close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 1st day of November 2011.


                                            /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge

7